1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11   STEFANO ROCCO,                    )     NO. SACV 13-1120-CAS (AGR)
12                Petitioner,          )
                                       )
13           v.                        )
                                       )     ORDER TO SHOW CAUSE
14   ORANGE COUNTY SUPERIOR            )
15   COURT,                            )
                                       )
16                Respondent.          )
                                       )
17   _____ )

18        On August 23, 2013, Petitioner filed an amended Petition for Habeas

19   Corpus pursuant to 28 U.S.C. § 2254 ("Petition").  For the reasons discussed

20   below, it appears the court lacks jurisdiction of the Petition and the one-year

21   statute of limitations has expired.

22        The court, therefore, orders Petitioner to show cause, on or before

23   *October 15, 2013*, why this court should not recommend dismissal of the Petition

24   with prejudice based on lack of jurisdiction and expiration of the one-year statute

25   of limitations.

26
27
28

# I.

## PROCEDURAL BACKGROUND

On May 26, 2009, Petitioner was sentenced to two years probation after being convicted of petty theft. (Petition at 2.) Petitioner did not appeal.[1]

On March 6, 2013, Petitioner filed a petition for a writ of prohibition/mandate with a request for an immediate stay in the California Court of Appeal. *See* California Appellate Courts Case Information online docket in Case No. G048109 (under the name Stefano Roco). On March 14, 2013, the petition was denied. *Id.* On April 15, 2013 Petitioner filed a petition for a writ of mandate/prohibition with a request for a stay in the California Supreme Court. *See* California Appellate Courts Case Information online docket in Case No. S209949. On April 16, 2013, the Supreme Court transferred the matter to the Court of Appeal with instructions to deny it if it was "substantially identical to the prior petition." *Id.* On May 9, 2013, the Court of Appeal denied the transferred petition. *See* California Appellate Courts Case Information online docket in Case No. G048313. On May 22, 2013, Petitioner filed a petition for review and an application for a stay in the California Supreme Court, which were denied on June 12, 2013. *See* California Appellate Courts Case Information online docket in Case No. S210883.

On July 26, 2013, Petitioner filed a Petition for Writ for Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in this court, amended on August 23, 2013.

# II.

## JURISDICTION

"Section 2254(a)'s 'in custody' requirement 'has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the

---

[1] Petitioner's contention that he appealed the conviction to the California Court of Appeal (Petition at 2) is without merit.

petitioner is under the conviction or sentence under attack at the time his petition is filed.'" *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010) (citation and quotation marks omitted).

"[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (per curiam). "[W]hat matters is that [the conditions and restrictions of the petitioner's release] restrain petitioner's liberty to do those things which in this country free men are entitled to do." *Jones v. Cunningham*, 371 U.S. 236, 243, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963).

Petitioner was sentenced to two years probation on May 26, 2009. (Petition at 2.)  Any restriction on his liberty expired at the latest on May 26, 2011.

Accordingly, it appears the court does not have jurisdiction to consider the petition.

### III.

### STATUTE OF LIMITATIONS

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).  The only relevant subdivision here is (d)(1)(A)

Petitioner was sentenced on May 26, 2009, and did not appeal.  (Petition at 2.)  Petitioner's conviction became final 60 days later on July 27, 2009.[2]  California Rules of Court 8.308(a) (formerly Rule 30.1).  The statute of limitations expired on July 27, 2010.  Absent tolling, the Petition is time-barred.

### 1.   Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Because Petitioner did not file his first apparent collateral challenge of his conviction until 2013, he is not entitled to statutory tolling.  *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period).  Absent equitable tolling, the Petition is time-barred.

### 2.   Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).  "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when ""extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and ""the extraordinary

---

[2]  Sixty days later was July 25, 2009, which was a Saturday.

circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'"
*Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in
original).

There is no indication in the Petition that Petitioner is entitled to equitable
tolling.  Therefore, the Petition appears to be time-barred.

### IV.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **October 15, 2013**,
Petitioner shall show cause why the court should not recommend dismissal with
prejudice of the Petition based on lack of jurisdiction and expiration of the one-
year statute of limitations.

**Petitioner is also advised that if he fails to timely respond to this
order to show cause, the court will recommend that the Petition be
dismissed with prejudice.**

DATED:  September 16, 2013

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

5